IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| **JOANNE SHAMBERG**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:23cv1977 |
| | ) | **Electronic Filing** |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiff commenced this breach of contract action in the Court of Common Pleas of Fayette County on October 5, 2023, seeking redress for defendant's asserted failure to pay for claimed property loss to plaintiff's residential dwelling under a homeowners insurance policy. The property loss was sustained during a windstorm that occurred on March 7, 2022. Defendant removed the action on November 15, 2023. Presently before the court is defendant's motion to dismiss. For the reasons set forth below, the motion will be denied.

Defendant maintains that dismissal is warranted pursuant to Rule 12(b)(6) because plaintiff failed to file suit within the one-year limitation period set forth in the policy. It asserts that it took no affirmative action to mislead plaintiff or to otherwise imply that the one-year clause would not be strictly enforced, which it asserts is needed to toll the limitation period pursuant to the recognized theories of waiver or estoppel. And from its perspective, plaintiff's averments at paragraphs 16 and 17 of the complaint that "[d]efendant did not complete its investigation until July 25, 2023, when it issued a partial denial letter" and thus continued its evaluation of the claim beyond the one-year anniversary of the loss fail to overcome the established body of authority recognizing that "[t]he mere declaration that [the insurer] was

investigating the claim is insufficient to prove [the insured] was induced to forbear from commencing suit." Defendant's Brief in Support (Doc. No. 4) at 6 (quoting Prime Media Assoc's v. Valley Forge Ins. Co., 970 A.2d 1149, 1158 (Pa. Super. Ct. 2009)).

Plaintiff responds that she is prepared to proffer evidence to support the following. Plaintiff provided immediate notice of the claim and defendant made an initial payment. Plaintiff then obtained an engineering report and presented it to defendant. Defendant then advised that it needed to have an engineer of its choosing inspect the property. Plaintiff cooperated with defendant's request and made arrangements for defendant's engineer to examine the property. Thereafter, on July 25, 2022, defendant issued a supplemental payment of $19,438.03 in settlement of the claim and advised that it had "completed the evaluation of your claim based on an inspection completed by Rudick Forensic Engineering." Based on this available evidence to support the allegations at paragraphs 16 and 17 of the complaint, plaintiff maintains that she can establish factual grounds to support a waiver of the suit limitation clause and/or equitable estoppel.

Defendants' motion is misplaced for three basic reasons. First, it has long been settled that a plaintiff is not required to plead the absence of an affirmative defense in setting forth a claim under Federal Rule of Civil Procedure 8(a). Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) ("a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.") (citing In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 277 (3d Cir. 2004); Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir.2003) ("[L]itigants need not try to plead around defenses")); and Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). Instead, Rule 8(c) allocates the burden of raising an affirmative defense to the defendant through the filing of an answer. Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002). However, under the so-called "Third Circuit Rule," an affirmative defense may be

considered and granted pursuant to a motion to dismiss, but only if the defense conclusively is established on the face of the complaint.  Id.  If it is not, then the defense may not be used to end the litigation at the pleading stage.  Id. (citing Bethal v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)); accord Peltz v. State Farm Mutual Automobile Ins. Co., 538 F. Supp.3d 498, 506 (W.D. Pa. 2021) ("a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense.") (quoting Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014)).

      The contractual limitations clause is an affirmative defense.  Prime Medica Assoc's, 970 A.2d at 1156.  Thus, defendant is entitled to end the litigation based on this defense only if it conclusively is established on the face of the complaint.  While it is clear that the suit was filed beyond one year from the date of loss, the complaint also avers that defendant did not complete its investigation until July 25, 2023, when it "issued a partial denial letter" and defendant's "continued evaluation of the claim" extended well beyond the one-year anniversary of the date of loss.

      Defendant insists that plaintiff is seeking to amend its complaint through her brief in opposition and is interjecting new facts surrounding a purported request by State Farm for further cooperation into its investigation of plaintiff's claim.  It simply asserts that this court must disregard the asserted facts regarding its administration of the claim and rule on the matter solely on the basis that the complaint merely avers that State Farm did not complete its investigation until July 25, 2023.

      The court declines to embark on the exercise of dismissing the complaint with leave to amend so that plaintiff can assert all of the facts that she intends to advance in support of defeating defendant's contractual limitations defense.  To do so would simply cast aside the established rule in Schmidt that "a complaint does not fail to state a claim simply because it

3

omits facts that would defeat a statute of limitations defense." 770 F.3d at 248. The pleading rules do not require the court to engage in such an unnecessary exercise.

Second, defendant's reliance on the well-recognized principle in <u>Prima Media Assoc's</u> that merely averring the insurer was investigating the claim when the limitation period expired is insufficient to establish a basis for waiver or estoppel is unavailing. The principle has application where the insurer has outright denied the claim prior to the expiration of the limitation clause and advised the insured in the actual denial letter that the insured is always free to proffer any additional information it may have for the insurer's further consideration. <u>See Prima Media Assoc's</u>, 970 A.2d at 1158 ("The mere declaration that Insurer was investigating the claim is insufficient to prove Insured was induced to forbear from commencing suit.") (citing <u>World of Tires v. American Ins. Co.</u>, 520 A.2d 1388 (Pa. Super Ct. 1987) and <u>Lardas v. Underwriters Ins. Co.</u>, 231 A.2d 740 (Pa. 1967)). It is clear that plaintiff intends to advance much more than a self-serving declaration that defendant rejected the claim but then advised plaintiff that it would consider any additional information she might proffer. And the information she does intend to advance is grounded in defendant's claims-handling process in this case, which of course is the matter placed directly at issue through the filing of plaintiff's complaint.

Third, plaintiff may be able to establish affirmative conduct by defendant that supports a finding of waiver or estoppel. "Pennsylvania law recognizes as valid suit limitation clauses in insurance policies." <u>Prime Medica Assoc's</u>, 970 A.2d at 1156 (citing <u>General State Authority v. Planet Ins. Co.</u>, 346 A.2d 265 (Pa. 1975)). But even when properly raised, "a suit limitation clause can be subject to the defenses of waiver and estoppel." <u>Id.</u>

"Waiver is the voluntary and intentional abandonment or relinquishment of a known right." <u>Prime Medica Assoc's</u>, 970 A.2d at 1156 (citing <u>Samuel J. Marranca General Contracting</u>

4

Co., Inc. v. Amerimar Cherry Hill Associates Ltd. Partnership, 610 A.2d 499 (Pa. Super. Ct. 1992). It can be established either through "a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." Id. at 1157.

Similarly, a suit limitation clause can be subject to the defense of estoppel. Id.

> Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect. A doctrine sounding in equity, equitable estoppel recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity.

Id. (quoting Kreutzer v. Monterey County Herald Co., 747 A.2d 358, 361 (Pa. 2000) (quoting Novelty Knitting Mills v. Siskind, 457 A.2d 502, 503 (Pa. 1983)). "The party asserting estoppel bears the burden of establishing estoppel by clear, precise and unequivocal evidence." Id. (citing Farmers Trust Co. v. Bomberger, 523 A.2d 790 (Pa. Super. Ct. 1987). Silence or inaction will not suffice to establish estoppel unless there is a duty to speak or act. Id. (citing Farmers Trust Co., 523 A.2d at 793).

Plaintiff has indicated that discovery will generate evidence of direct actions by defendant undertaken that straddled the one-year anniversary of the date of loss. Defendant indicated that in response to plaintiff's engineering report, it needed to have an engineer of its choosing inspect the property. Plaintiff cooperated with the request, as she was obligated to do under the conditions of the policy. Defendant had its expert conduct an analysis and issued an additional $19,438.03 in settlement of the claim. Only then did it advise plaintiff that it had completed its evaluation of the claim.

The actions of defendant in reassessing its position after receiving plaintiff's engineering report, invoking further cooperation from its unsured, conducting further investigation through inspection by its chosen engineering firm and issuing additional payment well beyond the one-

5

year anniversary of the loss are actions by a carrier that are quite distinct from an insured's self-serving declaration that the insurer had agreed to further investigate the claimed loss. They may well support an ultimate finding of waiver or estoppel, or both.

In short, at this juncture plaintiff is not required to plead sufficient evidence to defeat defendant's affirmative defense through the doctrines of waiver or estoppel. Instead, plaintiff only is required to set forth a factual basis for relief that is plausible on its face. And in this regard the complaint need only contain "enough factual matter (taken as true) to suggest the required element . . . [and provide] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). Although not extensive, plaintiff's complaint does aver facts that raise a reasonable expectation that discovery will reveal evidence to defeat defendant's assertion of its affirmative defense. Consequently, plaintiff's allegations are sufficient to proceed with discovery notwithstanding defendant's assertion that the affirmative defense is established as a matter of law.

For the reasons set forth above, defendant's motion to dismiss based on the one-year limitations clause will be denied. An appropriate order will follow.

Date: August 16, 2024

                                                                    s/David Stewart Cercone
                                                                    David Stewart Cercone
                                                                    Senior United States District Judge

cc:     Daniel W. Ballard, Esquire
        Kevin D. Huber, Esquire
        Mark A. Martini, Esquire

        (*Via CM/ECF Electronic Mail*)